**GREATER SAINT LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and Construction Laborers Pension Trust of Greater Saint Louis, an employee benefit plan, Plaintiffs,**

v.

**WILLMON JEFFERSON BLACKTOP AND CONCRETE CONTRACTOR, INC., Defendant.**

**No. 83–1435C(C).**

United States District Court, E.D. Missouri, E.D.

March 6, 1984.

---

Nancy M. Watkins, St. Louis, Mo., for plaintiffs.

Edward T. Wright, St. Louis, Mo., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, District Judge.

After consideration of the pleadings, the testimony and exhibits introduced at trial, the credibility of the witnesses, the parties' supplemental briefs and the applicable law, the court makes the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is adopted as such, and conversely, any conclusion of law equally applicable as a finding of fact is so adopted.

### FINDINGS OF FACT

1. Willmon Jefferson Blacktop and Concrete Contractor, Inc., is a corporation doing business under the laws of the State of Missouri and is an employer in an industry affecting commerce and has its principal place of business at 1342 Argus, Richmond Heights, Missouri.

2. The Greater Saint Louis Construction and Laborers Welfare Fund is an employee benefit plan and maintains its principal place of business at 6255 Knox Industrial Court, Saint Louis, Missouri.

3. The Construction and Laborers' Pension Trust of Greater Saint Louis is an employee benefit plan and maintains its principal place of business at 6255 Knox Industrial Court, Saint Louis, Missouri.

4. Laborers Locals 42, 53, 110, and the Eastern District of Missouri Laborers District Council, Laborers' International Union of North America, AFL–CIO, are labor organizations in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

5. Willmon Jefferson is an agent of defendant and is authorized to perform actions on defendant's behalf.

6. On July 10, 1981, Willmon Jefferson, on defendant's behalf, signed a collective bargaining agreement which had previously been negotiated between the Associated General Contractors of Saint Louis and Laborers Local Unions Nos. 42, 53, and 110 and the Eastern Missouri Laborers District Council.

7. On July 10, 1981, Willmon Jefferson, on defendant's behalf, signed a collective bargaining agreement which had been negotiated between Laborers Local Unions Nos. 42, 53, and 110 and the Bituminous Paving Contractors Association.

8. Defendant submitted certain contribution reports and paid certain partial contributions to plaintiffs during the effective

period of the collective bargaining agreements described above, indicating its intention to be bound by said agreements, with respect to its employee Julius Johnson. Defendant complied with the terms of the Laborer's agreements only with respect to its employee Julius Johnson, who, alone of defendant's employees, was a member of the Laborers.

9. At no time material herein have a majority of Willmon Jefferson Blacktop and Concrete Contractor, Inc., been members of or have designated Laborers' Locals 42, 53, 110 and the Eastern Missouri Laborers' District Council, Laborers International Union of North America, AFL–CIO, as their exclusive collective bargaining agent in regard to wages, rates of pay, hours of employment and other terms and conditions of employment.

10. The Congress of Independent Unions is a labor organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work.

11. Since 1972, a majority of defendant's employees have been members of and have designated the Congress of Independent Unions to be their exclusive collective bargaining agent for purposes of wages, rates of pay, hours of employment and other terms and conditions of employment.

12. Since 1972, defendant and the Congress of Independent Unions have been parties to a collective bargaining agreement covering all the employees employed by Willmon Jefferson Blacktop and Concrete Contractor, Inc., excluding office clerical employees, professional employees, guards and supervisors as defined by the National Labor Relations Act.

13. Pursuant to an agreement between defendant and the Congress of Independent Unions, defendant employed one employee who was a member of the Laborers' Locals 42, 53, 110, and the Eastern Missouri Laborers' District Council, Laborers' International Union of North America, AFL–CIO, and made contributions to the Greater

Saint Louis Construction Laborers' Welfare Fund and the Construction Laborers' Pension Trust of Greater Saint Louis. This employee was Julius Johnson.

## CONCLUSIONS OF LAW

1. This court has jurisdiction by virtue of 29 U.S.C. §§ 1132, 1145, and 185(a).

2. The Greater Saint Louis Construction Laborers Welfare Fund is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), (21), 1132 and 1145.

3. The Construction Laborers Pension Trust of Greater Saint Louis is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(1), (2), (3), (21), 1132, 1145.

4. Willmon Jefferson Blacktop and Concrete Contractor, Inc., is a corporation doing business under the laws of the State of Missouri and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(5), (11), (12), (14), 1145, and 151 *et seq.*

5. Laborers' Locals 42, 53, 110 and the Eastern Missouri Laborers' District Council, Laborers' International Union of North America, AFL–CIO, are labor organizations within the meaning of 29 U.S.C. § 152(5).

6. The Congress of Independent Unions is a labor organization within the meaning of 29 U.S.C. § 152(5).

7. At all times material herein the majority of defendant's employees have designated the Congress of Independent Unions to be their exclusive collective bargaining representative for the purposes of collective bargaining with respect to rates of pay, wages and hours of employment or other condition of employment within the meaning of 29 U.S.C. § 159(a); and the Congress of Independent Unions has been the exclusive collective bargaining representative of all employees employed in an appropriate unit for the purpose of collective bargaining within the meaning of 29 U.S.C. § 159(a).

8. At all times material herein, defendant has had a collective bargaining agreement with the Congress of Independent

Unions covering all employees employed by defendant, excluding office clerical employees, professional employees, guards and supervisors as defined in the Labor Management Relations Act of 1947.

9. During the period from 1 May 1980 to 31 May 1983, defendant was bound by certain collective bargaining agreements between Laborers Local Unions Nos. 42, 53, 110, the Eastern Missouri Laborers District Council, and certain employer associations. Under the terms of each master labor agreement, defendant was obligated to make contributions to the plaintiffs on behalf of each employee covered by those agreements. Only Julius Johnson was so covered. Defendant did in fact make contributions on behalf of Julius Johnson, pursuant to its agreement with the Congress of Independent Unions.

10. Under the terms of the master labor agreements, defendant agreed to recognize and abide by the trust agreements under which plaintiff Welfare Fund and plaintiff Pension Trust are administered. Under the terms of the master labor agreements, plaintiffs have the right to examine defendant's weekly payroll journal, individual earnings records of employees, federal payroll tax returns, and other payroll records as may be necessary to determine whether defendant is making complete reports and contributions.

11. The court is aware that an employer whose employees are represented by one union may not negotiate a collective bargaining agreement with another union. *See Garment Workers v. Labor Board,* 366 U.S. 731, 737–38, 81 S.Ct. 1603, 1607–08, 6 L.Ed.2d 762 (1961). Such an agreement would be unenforceable, in most situations. *See Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 77, 83, 102 S.Ct. 851, 856, 859, 70 L.Ed.2d 833 (1983). Therefore, the agreement between plaintiffs and defendant cannot and does not cover all defendant's employees. However, it is clear that defendant signed the agreement and made payments thereunder for a member of the Laborers. No other employee of defendant was a member of Laborers, nor did the Congress of Independent Unions authorize payments for its members to be made to plaintiffs. It is clear that the Congress of Independent Unions did authorize defendant to make contributions to plaintiffs for Julius Johnson and that defendant entered into an agreement with plaintiffs whereby it would be bound to make such contributions. Defendant cannot be heard to deny its contractual obligations because it dealt with two unions. All parties agreed to a contribution scheme whereby defendant would make contributions to plaintiffs for Julius Johnson. Whatever obligations existed were intended to be limited to Julius Johnson. Defendant never complied with the terms of the Laborer's agreement except as to employee Julius Johnson, nor will defendant now be forced to expand its obligations beyond their initial scope.

12. An award of attorneys fees, costs, and interest is made pursuant to 29 U.S.C. § 1132(g)(2).

## JUDGMENT

Findings of fact and conclusions of law dated this date are hereby entered and incorporated into this judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs have judgment against defendant Willmon Jefferson Blacktop and Concrete Contractor, Inc.

IT IS FURTHER ORDERED that defendant shall make complete reports and contributions to plaintiffs for defendant's employee Julius Johnson. Plaintiffs are given the right to examine defendant's books and records with regard to the employment of Julius Johnson, only, and not in regard to any other employees. Defendant was obligated to make contributions from 1 May 1980 to 31 May 1983, for Julius Johnson.

IT IS FURTHER ORDERED that pursuant to 29 U.S.C. § 1132(g)(2)(B), defendant pay plaintiffs Welfare Fund and Pension Trust 11% interest on all unpaid contributions for Julius Johnson. Pursuant to 29 U.S.C. § 1132(g)(2)(C) defendant will pay

**1110**

plaintiffs an additional amount equal to 11% interest on all unpaid contributions for Julius Johnson. Pursuant to 29 U.S.C. § 1132(g)(2)(D), defendant will pay reasonable attorneys fees and costs of the action. Attorneys fees are assessed at 10% of the underlying judgment (the contributions still owing for employee Julius Johnson, not considering any interest due thereon) or $1200.00, whichever amount is less. Costs are taxed at $460.00.