**GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and Construction Laborers Pension Trust of Greater St. Louis, an employee benefit plan, Appellants/Cross-Appellees,**

v.

**WILLMON JEFFERSON BLACKTOP AND CONCRETE CONTRACTOR, INC., Appellee/Cross-Appellant.**

**Nos. 84–1450, 84–1504.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1985.

Decided Jan. 23, 1985.

Nancy M. Watkins, Kansas City, Mo., for appellants/cross-appellees.

Vance D. Miller, Seattle, Wash., for appellee/cross-appellant.

Before HEANEY and ROSS, Circuit Judges, and HARRIS,* District Judge.

---

* The Honorable OREN HARRIS, Senior Judge, United States District Court for the Eastern and Western Districts of Arkansas, sitting by designation.

PER CURIAM.

The appellants, Greater St. Louis Construction Laborers Welfare Fund, and Construction Laborers Pension Trust of Greater St. Louis, filed this action seeking an accounting for delinquent employer contributions for all persons employed as laborers by the defendant. The appellants alleged that Willmon Jefferson Blacktop and Concrete Contractor, Inc., owed appellants certain contributions as a result of two collective bargaining agreements entered into by appellee. The district court[1], 582 F.Supp. 1106, held that the defendant was bound by the collective bargaining agreements in question, but found that only one of defendant's employees was covered by the agreements. Specifically, the court held that pursuant to an agreement between Willmon Jefferson and the Congress of Independent Unions, Willmon agreed to hire one member of the local union and make contributions to the appellant benefit plans on his behalf. Accordingly the court ordered an accounting of the defendant's books only with respect to that one employee, and further ordered the defendant to pay all unpaid contributions on behalf of the employee. The benefit plans appeal the district court's determination that only one employee was covered by the plan, and the adequacy of the court's attorney's fee award. The appellee cross-appeals from that part of the judgment awarding contributions to the funds, and attorney's fees.

We have examined the record in this case and have determined that the judgment of the district court is based on findings of facts that are not clearly erroneous, and no error of law appears. Accordingly, we affirm the judgment of the district court. See 8TH CIR.R. 14.

---

1. Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri.